IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| BRUCE MONROE GREER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:08-CV-132-CDL-GMF |
| | : | |
| CYNTHIA NELSON, Warden | : | 28 U.S.C. § 2254 |
| | : | Habeas Corpus Petition |
| Respondent. | : | |

## REVISED REPORT AND RECOMMENDATION

The Report and Recommendation of the Magistrate Judge submitted on December 31, 2008, is hereby withdrawn, and the within Revised Report and Recommendation is hereby substituted therefor and submitted to the United States District Judge to whom this case is assigned:

Petitioner's Application for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Proceedings For The United States District Courts.

### Procedural History

On August 7, 2000, Petitioner, who is currently serving a sentence at Central State Prison, in Macon, Georgia, was convicted of theft of a motor vehicle, for which he was sentenced to 20 years in prison; armed robbery, for which he was sentenced to 20 years in prison; aggravated assault, for which he was sentenced to 10 years in prison; possession of a firearm during commission of a felony, for which he was sentenced to 5 years in prison;

and possession of a firearm by a convicted felon, for which he was sentenced to 5 years in prison. (R-1, p. 1).

On March 19, 2003, the Georgia Court of Appeals denied Petitioner's direct appeal by affirming his convictions. (R-1, p. 2). Thereafter, the Supreme Court of Georgia denied Petitioner's application for certiorari. *Id.* On September 22, 2003, Petitioner withdrew his notice of intent to apply for certiorari with the United States Supreme Court. (R-1, p. 3).

Petitioner then initiated a series of post-conviction proceedings in state court. Petitioner filed his first state habeas petition in the Superior Court of Calhoun County on or about October 22, 2003, which, after a hearing, was ultimately denied on or about March 9, 2005. (R-8-2, p. 2).

Petitioner filed a second state habeas petition on November 2, 2005, which the Superior Court of Bibb County denied as successive pursuant to O.C.G.A. § 9-14-51 on January 9, 2007. (R-1, pp. 4-5). Petitioner's application for a certificate of probable cause to appeal was denied on May 14, 2007, and his motion for reconsideration was denied on July 26, 2007. (R-8-2, p. 2).

On August 16, 2007, Petitioner filed his third state habeas petition, which the Superior Court of Bibb County subsequently denied as successive pursuant to O.C.G.A. § 9-14-51 on May 13, 2008. (R-1, p. 4). His application for certificate of probable cause to appeal was subsequently denied on September 23, 2008. (R-8-2, p. 2).

On October 14, 2008, Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254.  (R-1).  Respondent filed his Answer-Response on December 15, 2008. (R-8).

## **Standard of Review**

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
> > (A) the claim relies on –
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States

Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.
> Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

4

*Id.* at 1522.

## **Petitioner's § 2254 Application**

Petitioner asserts four grounds for relief in his § 2254 Application. **Ground One** of Petitioner's Application sets forth an actual innocence gateway claim. Petitioner alleges that new evidence would show that the state concealed evidence that Petitioner's accuser, Douglas Woods ("Woods"), was directly connected to the crimes; that Woods's testimony would have revealed another robbery suspect; and that Detective Plock committed perjury when testifying about the existence of another suspect. (R-1, p. 5). Petitioner claims violation of his rights under the Due Process Clause, the Confrontation Clause, the Fifth, Sixth, and Fourteenth Amendments, and corresponding provisions of the Georgia Constitution. *Id.* Petitioner admits that he raised these claims in his third state habeas petition, which the state habeas court dismissed as successive pursuant to O.C.G.A. § 9-14-51. Petitioner alleges, however, that his actual innocence in light of the new evidence would overcome the state procedural default. *Id.*

A federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S. Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991).

Georgia's successive petition rule, O.C.G.A. § 9-14-51, prohibiting the filing of claims in subsequent petitions which could reasonably have been raised in the original or amended petition has been recognized in *Stevens v. Zant*, 968 F.2d 1076, 1087-89 (11th Cir. 1992). Therefore, the undersigned finds that the state habeas court clearly expressed that the aforementioned grounds were procedurally barred on adequate and independent state grounds. Accordingly, the standard noted above in *Coleman* is applicable here.

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *McCleskey v. Zant,* 499 U.S. 467, 111 S. Ct. 1454, 1472 (1991); *Murray v. Carrier,* 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986). To meet the prejudice prong required, a federal habeas petitioner generally must show that a cause or circumstance beyond his control worked to his actual and substantial disadvantage, infecting his entire trial with error or constitutional dimensions. *U.S. v. Frady,* 456 U.S. 152, 102 S. Ct. 1584, 1596 (1982).

If a habeas petitioner cannot escape the procedural default doctrine through showing cause for the default and prejudice, he may circumvent the requirement in specific instances by establishing a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 324-27, 115 S. Ct. 851 (1995). A fundamental miscarriage of justice has occurred when a court finds that a Constitutional violation has probably resulted in the conviction of an innocent person. *Murray*, 106 S. Ct. At 2649. This alternative method requires a colorable showing of actual innocence, in other words, a showing that no reasonable juror would have convicted

6

him in light of the newly discovered evidence of innocence. *Schlup*, 513 U.S. at 316, 324-27.

Petitioner alleges an actual innocence claim but admits that the facts and legal basis, except for his allegations of perjury against Detective Plock, were brought in the form of a "miscarriage of justice" claim. (R-1, p. 5). Petitioner's exhibits in support of his Ground One include affidavits and documents from private parties, the Lancer Detective Agency and Criminal Forensics Consulting. (R-6-1, 6-2.) Given the nature of this newly discovered evidence, it is found that Petitioner has wholly failed to make a showing necessary to overcome the state procedural default.

In **Ground Two**, Petitioner asserts that he was denied due process in violation of the Fifth and Fourteenth Amendments and corresponding provisions of the Georgia Constitution based on the State's suppression of evidence in the form of a police report suggesting that another person committed the crime. (R-1, p. 6). The police report, #00006434, states:

> Det. T. Plock positively identified Douglas Woods as the person in the photograph from Columbus Bank and Trust. The photograph was taken when checks 10168 and 10169 were cashed in the drive through. The checks were stolen from Florence Clowdus during a robbery on the same date they were cashed. Bruce Greer was arrested for the Robbery and other charges . . . . Based on the identification by Det. Plock, warrants for 2 counts of Forgery 1st Degree will be issued for Douglas Woods.

(R-6-2.) Petitioner alleges that Detective Plock subsequently testified at Petitioner's trial that the detective did not know of another white male driving the van Petitioner claims to have loaned out the day of the robbery. (R-1, p. 6). In support of his claim, Petitioner attaches what appears to be a page of a trial transcript setting forth Detective Plock's testimony on

this issue. (R-6-2). Petitioner alleges that the police report is new evidence discovered pursuant to his open records request. (R-1, p. 7). Respondent states that the police report was admitted at Petitioner's December 18, 2007, hearing. (R-8-2, p. 7).

Petitioner contends that he did not raise the issues in Ground Two on direct appeal. (R-1, p. 7). Respondent submits, and this Court agrees, that Ground Two was in fact raised in Petitioner's third state habeas petition, which was subsequently dismissed as successive. (R-8-2, p. 6). Pursuant to *Coleman*, Petitioner can establish neither cause for the default and resulting prejudice nor a fundamental miscarriage of justice. Accordingly, under the authority set forth above, this Court defers to the judgment of the state court.

In **Ground Three**, Petitioner again asserts violations of his due process rights under both the federal and state Constitutions, contending that the state suppressed evidence that another suspect depicted in a bank photo committed the crimes based on the identification of a private forensic consulting agency. (R-1, p. 9). Petitioner admits that he raised these claims in his third state habeas petition, dismissed by the state court as successive. Under the authority set forth above, applying the *Coleman* standard, this Court defers to the judgment of the state habeas court.

In **Ground Four**, Petitioner claims a denial of his right to an impartial prosecutor under the federal and state Constitutions. (R-1, p. 11). Specifically, Petitioner alleges that the prosecutor concealed the fact that Petitioner's accuser, Douglas Woods, was directly connected to the crime. (R-6-2, p. 12). Petitioner admits that he raised these claims in his

8

second state habeas petition. Under the authority stated above, this court defers to the state court's decision dismissing Petitioner's second state habeas petition as successive pursuant to O.C.G.A. § 9-14-51.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 23rd day of January, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE