IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| BRUCE MONROE GREER, | * | |
| | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 4:08-CV-132 |
| | * | |
| | * | |
| CYNTHIA NELSON, Warden, | * | |
| | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

On August 7, 2000, Petitioner Bruce Monroe Greer was tried and found guilty of theft of a motor vehicle, armed robbery, aggravated assault, possession of a firearm during commission of a felony, and possession of a firearm by a convicted felon. (Doc. 1 at 1). Petitioner is currently serving his sentences in Baldwin State Prison in Hardwick, Georgia. (*See* Doc. 44). Following the denial of Petitioner's direct appeal, he initiated a series of unsuccessful state post-conviction proceedings. On October 14, 2008, Petitioner filed his federal habeas petition in this court. (Doc. 2). The District Court ultimately adopted the Revised Report and Recommendation of the United States Magistrate Judge and denied Petitioner federal habeas relief on February 23, 2009. (Docs. 16, 17). Petitioner subsequently filed his notice of appeal to the Eleventh Circuit Court of Appeals and sought a Certificate of Appealability ("COA") from the District Court. (Docs. 19, 21). The District Court denied Petitioner's motion for a COA and denied Petitioner leave to file his appeal *in forma pauperis*. (Docs. 20, 29). On July 7, 2009 and August 17, 2009, respectively, the

Eleventh Circuit Court of Appeals denied Petitioner's motion for a COA and his subsequent motion for reconsideration. (Docs. 39, 40). On February 16, 2010, Petitioner filed the presently pending motion, seeking relief from the District Court's February 23, 2009 judgment denying Petitioner federal habeas relief. (Doc. 42).[1]

## **Petitioner's Motion**

Petitioner enumerates seven different errors made by the court in dealing with Petitioner's initial habeas petitions. First, Petitioner contends that the court (or someone in the clerk's office) erred by failing to serve Petitioner with the court's Order for Respondent to file responsive pleadings. Second, Petitioner contends that the court erred in not granting Petitioner's motion for extension of time to file further briefing. Third, Petitioner alleges that the court erred by accepting that a police report had been entered into evidence during Petitioner's third habeas proceeding. Fourth, Petitioner argues that the court erred in finding that a ground asserted by Petitioner in his 2254 habeas petition had been exhausted during Petitioner's third state habeas proceeding. Fifth, Petitioner claims that the court erred by failing to grant Petitioner an evidentiary hearing. Sixth, Petitioner states that the court erred by deferring to the state court's judgment regarding Petitioner's alleged *Brady* violations. Seventh, Petitioner argues that the court erred by failing to appoint counsel for him, based on his alleged mental disability. (Doc. 42-2 at 13). Petitioner contends that he is entitled to

---

[1] On November 2, 2009, Petitioner filed a petition for writ of certiorari in the United States Supreme Court. Petitioner therefore seeks a stay of his case in this court until the United States Supreme Court rules on this petition. On March 1, 2010, the Court denied Petitioner's petition. *Greer v. Nelson*, No. 09-8139, 2010 WL 680593, at *1 (U.S. Mar. 1, 2010). Petitioner's request is therefore moot.

relief pursuant to Federal Rule of Civil Procedure 60(b).

## Discussion

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Such motion "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam). While the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which places various restrictions on habeas petitions, "did not expressly circumscribe the operation of Rule 60(b)," *Gonzales v. Crosby*, 545 U.S. 524, 529 (2007), the rule applies to habeas corpus proceedings only "to the extent that [it is] not inconsistent with" other federal statutory provisions and rules, 28 U.S.C. § 2254 Rule 12.

3

Thus, the AEDPA "foreclose[s] application of [Rule 60] where it would be inconsistent with the restrictions imposed on successive petitions by the AEDPA." *Williams*, 510 F.3d at 1293.

The United States Supreme Court has held that "a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim *on the merits*.'" *Williams*, 510 F.3d at 1293-94 (quoting *Gonzales*, 545 U.S. at 532). The Supreme Court defined "claim" as "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzales*, 545 U.S. at 530. The Court defined "on the merits" as "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4. The Court clarified that

> [w]hen a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id.* Put more simply, a Rule 60(b) motion must "attack[] a defect in the integrity of the federal habeas proceedings, such as fraud upon the federal court that led to the denial of the original habeas petition." *United States v. Winston*, 346 F. App'x 520, 522 (11th Cir. 2009) (per curiam); *Williams*, 510 F.3d at 1294 (finding that when "a Rule 60(b) motion 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' the motion is not a successive habeas petition"). If a petitioner's Rule 60(b) motion is, in effect, a second or successive habeas

4

petition, it must comply with the three basic requirements imposed on such petitions by AEDPA:

> First, any claim that has been already adjudicated in a previous petition must be dismissed. Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.

*Gonzales*, 545 U.S. at 529-30 (internal citations omitted). Thus, if a petitioner "attempt[s] to relitigate previous claims that are, in substance, part of a successive petition as defined in *Gonzales*," the petitioner must move the court of appeals "for an order allowing the district court to consider a successive habeas petition." *Williams*, 510 F.3d at 1294. Absent such an order, the district court lacks subject-matter jurisdiction to consider any successive petition. *Id.*; *see also Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007) (per curiam).

Based on the foregoing framework, the court in this case must first assure itself that it has subject-matter jurisdiction over each of Petitioner's claims by examining each of Petitioner's contentions and determining whether each is, in effect, a habeas claim or an allegation regarding a defect in the integrity of the federal habeas proceedings. Even if one or more of Petitioner's allegations does constitute a proper Rule 60(b)(6) claim, however, Petitioner must still demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment," and "[s]uch circumstances will rarely occur in the habeas context." *Gonzales*, 545 U.S. at 534.

The procedural posture of this case adds an additional wrinkle to the court's analysis of the presently pending motion. The Eleventh Circuit has already declined to issue Petitioner a Certificate of Appealability ("COA") to appeal the judgment Petitioner challenges in the instant Rule 60(b) motion. (*See* Docs. 39, 40). "Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case." *Brewer v. United States*, 318 F. App'x 804, 805 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). "The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal," with three limited exceptions. *Id.* A court may consider issues when: "(1) the evidence on a subsequent trial was substantially different; (2) controlling authority has since made a contrary decision of the law applicable to such issues; or (3) the decision was clearly erroneous and would work a manifest injustice." *Id.* (internal quotation marks omitted). Petitioner has not alleged that any of these exceptions apply, and the court likewise concludes that no exceptions to the law of the case doctrine are implicated in this case. The court is therefore prohibited from addressing any of the issues Petitioner now raises that the Eleventh Circuit decided, either expressly or impliedly, in its COA order.

Based on the foregoing discussion, it is apparent that Petitioner is not entitled to relief pursuant to Federal Rule of Civil Procedure 60(b). The court will address each of Petitioner's contentions in turn.

**I.    The court did not err by failing to serve Petitioner with a copy of an order directed to Respondent or by declining to grant Petitioner an extension of time to respond thereto.**

Petitioner's first allegation of error is that the court or the clerk's office failed to serve upon Petitioner a copy of the court's October 14, 2008 Order granting Petitioner the right to proceed *in forma pauperis* and requiring Respondent to file responsive pleadings. (*See* Doc. 4).[2] Petitioner also asserts that the court erred by declining to grant Petitioner an extension of time to respond to this Order. This claim appears to be an appropriate Rule 60(b) claim, *see e.g., Williams*, 510 F.3d at 1295 (finding that a petitioner's claim that the court should have permitted further briefing on an issue was appropriately raised in a Rule 60(b) motion), and it does not implicate an issue decided expressly or impliedly by the Eleventh Circuit in this case.

Rule 4 of the Rules Governing § 2254 Proceedings for the United States District Courts requires the court to promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 then provides that "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." The order Petitioner claims he did not receive was the court's order, issued pursuant to Rule 4, requiring Respondent to file an answer, motion, or other response to Petitioner's habeas application. Petitioner contends his failure to receive a copy

---

[2]The docket report reflects a certificate of service noting that the clerk's office "mailed by United States Postal Service a copy [of the order in question and the order of referral to the magistrate] including any attachments filed with this document" to Petitioner on October 14, 2008. Petitioner admits he was served with a copy of the referral order. (*See* Doc. 9 at 1).

7

of the order, in conjunction with the court's denial of Petitioner's request for an extension of time to file briefing regarding the order, "negated" his ability to "show cause and prejudice and/or a miscarriage of justice." (Doc. 42-2 at 14).

It is unclear how Petitioner's ability to respond to Respondent's briefing was hindered by the court's alleged errors. Petitioner did, in fact, file a memorandum in response to Respondent's answer. (*See* Doc. 11). In addition, Petitioner filed objections to the Magistrate's Report and Recommendation and Revised Report and Recommendation recommending dismissal of Petitioner's application. (Docs. 12, 15). The District Court conducted a *de novo* review of the record when it ultimately adopted the Magistrate's revised recommendations. (*See* Doc. 16 at 1). Because Petitioner had adequate opportunity to apprise the court of the reasons his habeas petition should have been granted, the court's actions cannot constitute extraordinary circumstances justifying Rule 60(b) relief.[3]

## II.   The Court did not err by failing to hold an evidentiary hearing.

Petitioner next alleges that the court erred by not holding an evidentiary hearing to submit Police Report #00006434 into evidence and by accepting that the report had been admitted into evidence during Petitioner's third state habeas hearing. (Doc. 42-2 at 17). Like Petitioner's previous claim, this is a proper "procedural" Rule 60(b) claim that does not

---

[3]This conclusion is bolstered by the fact that "a harmless error, one which does not affect a party's substantial rights, is not a ground 'for vacating, modifying, or otherwise disturbing a judgment.'" *Day v. Benton*, 346 F. App'x 476, 479 (11th Cir. 2009) (per curiam) (quoting Fed. R. Civ. P. 61). "For an error to affect substantial rights, it generally must have been prejudicial: It must have affected the outcome of the district court proceedings." *Id.* (internal quotation marks omitted). Petitioner does not explain how the outcome of his habeas proceeding was adversely affected, given that he had adequate opportunity to explain his claims to the Court.

implicate the Eleventh Circuit's COA order. *See, e.g., In re Clemmons*, 279 F. App'x 648, 650 (10th Cir. 2008) (noting that the district court had resolved "procedural challenges to the dismissal of [petitioner's] original § 2254 petition"—including failure to rule on motion to appoint counsel, failure to determine whether an evidentiary hearing was necessary, and failure to reach the merits of some claims—on the merits of a Rule 60(b) motion). "The decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts." *Boyd v. Allen*, 592 F.3d 1274, 1304 (11th Cir. 2010) (internal quotation marks omitted) (alteration in original). "A district court should hold a hearing if there are disputed facts concerning the petitioner's habeas claim, and the petitioner did not receive a full and fair state court hearing, either at trial or in a collateral proceeding." *Id*. The court should consider "whether such a hearing could enable an applicant to prove the petitioner's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* (internal quotation marks omitted).

Even assuming that Police Report #00006434 was not admitted into evidence at Petitioner's December 18, 2007 hearing,[4] the report has been made part of the record in this court because Petitioner attached it to his document amending his original habeas petition. (*See* Doc. 6-3 at 15-17). As previously mentioned, the District Court conducted a *de novo* review of the record before adopting the Magistrate's report recommending dismissal of

---

[4] In its briefing on Petitioner's habeas application, Respondent submitted that the police report was, in fact, admitted at Petitioner's December 18, 2007 hearing. (Doc. 8-2 at 7). Petitioner argues that the document was tendered but not admitted into evidence because it was determined to be inadmissible hearsay. (Doc. 42-2 at 15).

Petitioner's federal habeas application. Petitioner has therefore failed to demonstrate that an evidentiary hearing for the sole purpose of admitting Police Report #00006434 into evidence was necessary to enable him to prove factual allegations that would entitle him to federal habeas relief.[5] *See, e.g., Day*, 346 F. App'x at 479. Petitioner has again failed to demonstrate that extraordinary circumstances warrant reopening the judgment against him.

**III.    The Court did not err by accepting that Police Report #00006434 was admitted into evidence during Petitioner's third state habeas proceeding.**

Petitioner next contends that the Court erred when it determined that Police Report #00006434 had been admitted into evidence during Petitioner's third state habeas proceeding. Petitioner submits that "[t]he record will show that Police Report 00006434 was tendered, but not admitted into evidence, being overruled as hearsay." (Doc. 42-2 at 15).

The precise basis of Petitioner's objection regarding this enumeration of error is unclear. To the extent Petitioner's contention could be read to state a valid Rule 60(b) claim, however, Petitioner has wholly failed to describe how the court's purported misidentification of Police Report #00006434 as "admitted" rather than simply "tendered" has prejudiced his claim. Petitioner has therefore failed to meet his burden of demonstrating extraordinary circumstances that merit a reopening of his judgment. *See Day*, 346 F. App'x at 479 (noting that an error that "does not affect a party's substantial rights" must typically "have been prejudicial"); *see also Gonzales*, 545 U.S. at 534 ("'extraordinary circumstances' justifying

---

[5] The court also notes for the record that it does not appear from the docket report that Petitioner ever filed a separate motion requesting an evidentiary hearing.

the reopening of a final judgment . . . will rarely occur in the habeas context"). Accordingly, this enumeration of error is not a proper basis for Rule 60(b) relief.

**IV.    The court may not revisit the issue of whether Ground II, the alleged suppression of impeachment evidence, was exhausted at Petitioner's third state habeas hearing.**

A Rule "60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). "Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion." *Id.* Accordingly, the court has jurisdiction to entertain Petitioner's fourth ground for relief under Rule 60(b), *i.e.*, that the court erred in finding that his Ground II was exhausted during Petitioner's third state habeas hearing. The court, however, is bound by the law of the case doctrine from granting Petitioner the relief he seeks.

In his Ground II, Petitioner alleges that the State improperly suppressed Police Report #00006434, which he contends suggests another person committed the crimes for which Petitioner was convicted. (Doc. 1 at 6). In his Rule 60(b) Motion, Petitioner alleges that the report was not "legally submissable [sic] until August 26th, 2008," when Petitioner was able to obtain a certified copy of the report. (Doc. 42-2 at 16). Petitioner appears to argue that because he was unable to obtain a certified copy prior to his third state habeas hearing, he could not have presented this issue, thereby exhausting it, at his third habeas hearing. *See id.*

11

Following the District Court's February 23, 2009 Judgment in this case, the Eleventh Circuit Court of Appeals denied Petitioner's application for a COA. (Doc. 39). In its Order, the Eleventh Circuit stated:

> Each of Greer's four asserted grounds for relief was raised in one of his numerous state habeas petitions, which were each denied by the state courts as successive. His claims are therefore barred from federal review, as he has shown neither cause or prejudice for his default, nor a miscarriage of justice.

(Doc. 39 at 3 (citing *Stevens v. Zant*, 968 F.2d 1076, 1087-89 (11th Cir. 1992)). A determination that Petitioner was unable to exhaust his Ground II claims regarding the suppression of Police Report #00006434 during his state habeas hearing would directly conflict with the Eleventh Circuit's ruling that "[e]ach of Greer's four asserted grounds for relief was raised in one of this numerous state habeas petitions." (Doc. 39 at 3). Accordingly, the law of the case doctrine prevents the Court from revisiting any issues related to this holding. *Brewer*, 318 F. App'x at 805 ("The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal.").

**V. The court is prohibited from revisiting the issue of its deferral to the state court's judgment regarding Petitioner's alleged *Brady* violations.**

As with Petitioner's previous claim, his allegation that the court incorrectly dismissed his habeas petition for failure to overcome the state procedural bar with respect to alleged *Brady* violations is cognizable under Rule 60(b). *See Spitznas*, 464 F.3d at 1216. However, this claim is also barred by the law of the case doctrine. Petitioner simply states that "*Brady* determinations are 'mixed questions' of law and fact and are not entitled to deference," and

12

therefore "[t]he district court should have adjudicated these claims." (Doc. 42-2 at 17). As previously discussed, however, the Eleventh Circuit has already affirmed the court's decision to defer to the state court's judgment regarding the *Brady* violations alleged by Petitioner. Accordingly, the law of the case doctrine bars the court from revisiting this issue. *See Brewer*, 318 F. App'x at 805.

### VI. The court did not err by failing to appoint counsel for Petitioner.

Finally, Petitioner claims that the court erred by failing to appoint him counsel because he is "mentally handicapped." (Doc. 42-2 at 18).[6] This appears to be a proper Rule 60(b) claim, *see, e.g., In re Clemmons*, 279 F. App'x at 650, and it was not ruled on by the Eleventh Circuit either directly or by implication. Petitioner supports his assertion of mental disability by attaching a copy of a decision by the Social Security Administration entitling him to benefits based upon mental conditions including depressive disorder, anxiety disorder, and narcissistic personality disorder; Petitioner also has a history of substance abuse. (Doc. 42-2 at 51).

There is no federal constitutional right to counsel after the first appeal as of right in the state system, and appointment of counsel is therefore mainly discretionary. There are three circumstances, however, where appointment of state or federal post-conviction counsel is otherwise required. Appointment of counsel is required if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required pursuant

---

[6] Petitioner does not appear to have filed an independent motion seeking appointed counsel; however, he did request appointed counsel in his memorandum in opposition to Respondent's answer. (Doc. 11 at 4).

to Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Appointed counsel is also required if the petitioner is a death row inmate pursuing federal habeas corpus relief. *See, e.g., McFarland v. Scott*, 512 U.S. 849, 854 (1994). Because none of these exceptions apply to the facts of this case, the court is permitted to exercise its discretion in determining whether Petitioner should have been appointed counsel. Despite Petitioner's alleged mental disabilities, he filed his Petition lucidly, the issues raised therein are not of unusual complexity, and no exceptional circumstances exist which would prevent a full and fair determination of Petitioner's claims. The court also notes that the Administrative Law Judge who found Petitioner entitled to disability benefits observed that Petitioner's mental disabilities did not "result[] in more than moderate restrictions in activities of daily living; marked difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation" and that Petitioner's substance abuse disorder was "not a factor material to the finding of disability." (Doc. 42-2 at 51, 52). The court therefore concludes that Petitioner is not entitled to Rule 60(b) relief on grounds that the court should have appointed Petitioner counsel.

## Conclusion

In sum, Petitioner has failed to raise allegations of error or present extraordinary circumstances justifying a reopening of the Judgment in his case with respect to most of his claims, and Petitioner's other claims are barred by the law of the case doctrine. WHEREFORE, IT IS HEREBY RECOMMENDED that Petitioner's Rule 60(b) motion be

DENIED.  Under 28 U.S.C. § 636(b)(1), Petitioner may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

So RECOMMENDED, this 31st day of March, 2010.

S/ G. MALLON FAIRCLOTH<br>UNITED STATES MAGISTRATE JUDGE

mkw